UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO. _____

MONIQUE ROBSON,

     Plaintiff,

vs.

D.R. HORTON, INC.,

     Defendant.

_____/

## DEFENDANT'S NOTICE OF REMOVAL

Defendant D.R. Horton, Inc. ("Defendant" or "D.R. Horton") hereby provides notice that it is removing this action for all further proceedings to the United States District Court for the Middle District of Florida, from the Florida Circuit Court of the Eighteenth Judicial Circuit, in and for Brevard County. In support of removal, Defendant states as follows:

## I.  INTRODUCTION AND PROCEDURAL HISTORY

1.    On or about March 26, 2021, Plaintiff Monique Robson filed a Complaint against D.R. Horton in the Circuit Court of the Eighteenth Judicial Circuit in and for Brevard County, Florida. The action is styled *Monique Robson v. D.R Horton, Inc.* and is designated Case No. 05-2021-CA-021996 (hereafter referred to as the "State Action"). Pursuant to 28 U.S.C. § 1446(a) and M.D. Loc. R. 1.06(b), copies of all process, pleadings, and orders served upon Defendant, as well as all other papers docketed in the State Action are attached hereto as *Exhibit A*.

2.     Defendant was served with a copy of the Summons and Complaint on April 1, 2021.  No other process, pleadings, or orders have been served on Defendant in the State Action other than those included in *Exhibit A*.

3.     The Complaint asserts a single claim for disability discrimination under the Florida Civil Rights Act of 1992, Florida Statutes, Chapter 760.01 *et seq.* ("FCRA").  *See Exhibit A*, Pl.'s Compl.

4.     This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332, and it is one that may be removed pursuant to 28 U.S.C. § 1441 and 1446.  More specifically, this is an action between citizens of different states, and the amount of controversy exceeds the sum of $75,000.00, exclusive of interests and costs.

5.     Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly file a copy of the Notice of Removal with the Clerk of the Circuit Court of the Eighteenth Judicial Circuit in and for Brevard County, and simultaneously provide written notice of the filing of this Notice of Removal to Plaintiff as reflected by the Certificate of Service.

## II. DIVERSITY OF CITIZENSHIP EXISTS

6.     This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332, and it is one that may be removed pursuant to 28 U.S.C. § 1441 and 1446.  More specifically, this is an action between citizens of different states, and the amount of controversy exceeds the sum of $75,000.00, exclusive of interests and costs.

7.     In order to qualify for diversity jurisdiction, there must be complete diversity between the parties, which means that no plaintiff may be a citizen of the same state as any defendant. *See MacGinnitie v. Hobbs Group, LLC*, 420 F.3d 1234, 1239 (11th Cir. 2005) (providing that citizenship for diversity purposes is determined at the time the suit is filed.).

8.     At the time the Complaint was filed and at the time of this notice, Plaintiff is a resident of Brevard County.  *See Exhibit A*, Pl.'s Compl. ¶3.  Thus, Plaintiff was and is citizen of the State of Florida.

9.     Defendant is a corporation organized under the laws of the State of Delaware with its principal place of business in the State of Texas.  Declaration of Amanda Tercero, ¶2.[1]  Pursuant to 28 U.S.C. § 1348, Defendant is not a citizen of Florida, for purposes of 28 U.S.C. § 1332.

10.    Defendant is therefore not a citizen of the State in which this action is pending and, in fact, is a citizen of a different State than Plaintiff.

11.    Thus, diversity of citizenship exists between the parties in this action.

## III. THE AMOUNT IN CONTROVERSY EXCEEDS THE STATUTORY THRESHOLD

12.    Plaintiff states in her Complaint that the damages she seeks to recover include:   (a) back pay; (b) front pay; and, (c) attorneys' fees and costs.  *See* Pl.'s Compl. at Wherefore Clause following numbered paragraph 42.

---

[1] Ms. Tercero's declaration is attached as Exhibit B.

13.     In her Complaint, Plaintiff does not specify the exact amount of damages that she seeks, other than her claim that this is an "action for damages in excess of $30,000.00 exclusive of interest, attorneys' fees, and costs."     *See* Pl.'s Compl. ¶1.

14.     Nevertheless, Defendant is able to meet the preponderance of evidence standard in showing that the amount-in-controversy exceeds the statutory threshold. *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554, 2014 U.S. LEXIS 8435, at *14 (Dec. 15, 2014) ("[A]s specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

15.     As a general rule, the amount in controversy is determined by considering the judgment that would be entered if the plaintiff prevailed on the merits of her case as it stands at the time of removal.  *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010).  Plaintiff's claims and allegations show that the amount in controversy exceeds the jurisdictional minimum of $75,000.00, exclusive of interest and costs.[2]

16.     Plaintiff's employment with Defendant was terminated on May 13, 2020. *See* Declaration of Ms. Tercero ¶6.  She was salaried employee and her annual salary for 2020 was $55,000.00.  *Id.* at ¶7.

---

[2] Defendant denies the validity and merit of all of Plaintiff's claims and allegations and denies that Plaintiff is entitled to any relief.

17.     As indicated above, Plaintiff seeks to recover back pay in the instant action.  In calculating potential lost wages for jurisdictional purposes, it is proper to calculate the figure through the trial date.  *See Kok v. Kadant Black Clawson, Inc.,* 274 F. App'x 856, 857 (11th Cir. 2008); *Leslie v. Conseco Life Ins. Co.,* 11-81035-CIV-MARRA, 2012 U.S. Dist. LEXIS 130508, 2012 WL 4049965 (S.D. Fla. Sept. 13, 2012) (Marra, J.); *Penalver v. N. Elec., Inc., 12-80188- CIV,* 2012 U.S. Dist. LEXIS 53662, 2012 WL 1317621 at *2 (S.D. Fla. Apr. 17, 2012) (Cohn, J.) *Messina v. Chanel, Inc.,* 2011 U.S. Dist. LEXIS 71138 (S.D. Fla. Jul. 1, 2011) (appropriate to calculate lost wages from time of termination through trial date in examining the jurisdictional minimum); *see also Cashman v. Host Int'l, Inc.,* 2010 U.S. Dist. LEXIS 123164, *4 (M.D. Fla. Nov. 9, 2010) (noting that "[c]onsideration of the additional back pay amount from the date of removal to the date of trial, based on a conservative estimate of the trial date, is not impermissible speculation").

18.     A reasonable estimate of a trial date would be approximately one year from the date of removal. Thus, from May 13, 2020 (the date Plaintiff's employment ended) through an estimated trial date of May 3, 2022 (one year from the date of removal), Plaintiff has potential unmitigated back pay of approximately $107,884.38[3] without any accounting for potential attorneys' fees.  Thus, the estimated *back pay* damages alone meet the threshold amount in controversy.

---

[3] This figure was calculated as follows:  $1,057.69 (Plaintiff's weekly earnings based upon an annual salary of $55,000) x 102 weeks (the amount of weeks between May 13, 2020 (date of termination) and May 3, 2022 (anticipated trial date)).

19.     As also noted above, Plaintiff further alleges that Defendant is liable for her attorneys' fees.   Therefore, a reasonable estimate of such fees is included in assessing the amount in controversy.   *See Morrison v. Allstate Indem. Co.*, 228 F.3d 1255 (11th Cir. 2000) ("When a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy").

20.     Further, the Court can take judicial notice that attorneys' fees sought in similar employment termination cases in the Eleventh Circuit routinely approach or exceed the $75,000.00 threshold.   *See Alshakanbeh v. Food Lion, LLC*, 2007 U.S. Dist. LEXIS 20746, *4-7 (M.D. Fla. Mar. 23, 2007) (estimate of $40,000.00 for attorneys' fees in Jacksonville employment discrimination case was "conservative"). Given the scope of Plaintiff's allegations, "garden variety" attorneys' fees of $30-40,000 are a very conservative estimate of this potential component of the amount in controversy in this case.

21.     Considering the *cumulative* value of Plaintiff's potential claims for back pay and attorneys' fees, Plaintiff's claim under the FCRA, though vigorously contested by Defendant, will more likely than not involve an amount in controversy in excess of $75,000.00, exclusive of interests and costs.[4]

---

[4] Defendant notes that Plaintiff does not specifically claim in her Complaint that she is seeking compensatory damages.  As such, Defendant does not address the same herein.

## IV. TIMELINESS OF REMOVAL

22.     The Complaint was initially filed in state court on or about March 26, 2021, and Defendant was served with a copy of the Summons and Complaint on April 1, 2021.  Thus, Defendant is filing this Notice of Removal within the 30-day time period required by 28 U.S.C. § 1446(b).

## V.  NOTICE OF REMOVAL GIVEN TO STATE COURT

23.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Circuit Court in and for the Eighteenth Judicial Circuit in Brevard County, Florida.

24.     Accordingly, the case is being properly removed to United States District Court for the Middle District of Florida.

## VI. CONCLUSION

This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332, and it is one that may be removed pursuant to 28 U.S.C. § 1441 and 1446 because it is an action between citizens of different states, and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

WHEREFORE, Defendant D.R. Horton, Inc. hereby removes this action from the Circuit Court of the Eighteenth Judicial Circuit, in and for Brevard County, Florida, to this Court.

Date: April 23, 2021.

Respectfully submitted,

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
9130 S. Dadeland Boulevard
Suite 1625
Miami, Florida 33156
Telephone: 305.374.0506
Facsimile: 305.374.0456


*/s/ Samantha Dunton-Gallagher*
Michael R. Tricarico
Florida Bar No. 0937071
michael.tricarico@ogletreedeakins.com
Samantha Dunton-Gallagher
Florida Bar No. 105100
samantha.dunton@ogletree.com

*Counsel for Defendant, D.R. Horton, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 23, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*Samantha Dunton-Gallagher*
Samantha Dunton-Gallagher

## SERVICE LIST

*Monique Robson v. D.R. Horton, Inc.*
*United States District Court for the Middle District of Florida*
CASE NO._____

Ryan Willaims, Esq.
service@coastal.law
COASTAL LAW GROUP
105 Solana Road, Suite C
Ponte Vedra Beach, FL 32082
Telephone: 904.930.4100

*Counsel for Plaintiff, Monique Robson*

46849070.1

Method of Service: Florida E-Filing Portal

Michael R. Tricarico
michael.tricarico@ogletreedeakins.com
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
9130 S. Dadeland Boulevard
Suite 1625
Miami, Florida 33156
Telephone:  305.374.0506
Facsimile:   305.374.0456

*Counsel for Defendant, D.R. Horton, Inc.*

10