# EXHIBIT A

Case 6:21-cv-00719-GAP-LRH    Document 1-1    Filed 04/23/21    Page 2 of 45 PageID 12

IN THE CIRCUIT COURT, EIGHTEENTH JUDICIAL CIRCUIT, IN AND FOR BREVARD COUNTY, FLORIDA

CASE NO:

MONIQUE ROBSON,
     Plaintiff,

vs.

D.R. HORTON INC.,
     Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MONIQUE ROBSON ("Plaintiff" or "Robson"), by and through the undersigned counsel, files this Complaint against Defendant, D.R. HORTON, INC. ("Defendant"), and alleges as follows:

1. This is an action for damages in excess of $30,000.00 exclusive of interest, attorneys' fees, and costs.

2. Defendant is, and at all times material hereto was, a for profit corporation headquartered in Arlington, Texas and conducting business in Brevard County, Florida.

3. Plaintiff is, and at all times material hereto was, a resident of Brevard County, Florida.

4. Defendant hired Plaintiff in November 2015 to perform work as an accountant in their Palm Bay, Florida office.

5. Defendant's company policy is one of equal-opportunity employment and expressly prohibits unlawful discrimination in Defendant's workplace.

6. Defendant further maintains it will provide reasonable accommodations to employees with known disabilities unless such accommodations cause an undue hardship.

7. Plaintiff was diagnosed with Multiple Sclerosis ("MS") in December 2017.

Page **1** of **5**

8. Over the next two years, Plaintiff sought effective medical treatment that would allow her to continue working without causing negative side effects.

9. Plaintiff's doctor recommended she begin treatment with medical cannabis ("Medicine") in December 2019 which Plaintiff provided to Defendant. A copy of this recommendation is attached as **Exhibit A**.

10. This recommendation advised Plaintiff to use the Medicine six to ten times throughout the workday so Plaintiff would be able to discontinue prescription pharmaceuticals that were causing her to experience negative side effects.

11. Defendant asked for and received an accommodation assessment form to aide Defendant's review of Plaintiff's request.

12. After receiving the first requested accommodation form on December 31, 2019, Plaintiff followed up with an inquiry to Defendant's Human Resources Department ("HR") to determine the status of her request for accommodation.

13. On January 14, 2020, HR advised Plaintiff they were reviewing the request and ensuring they were not missing anything offered under the family and medical leave act ("FMLA"). A copy of this correspondence is attached hereto as **Exhibit B**.

14. Defendant made no mention that use of the Medicine is prohibited or otherwise not available as an accommodation.

15. Defendant asked for, and received, a second accommodation assessment form on January 28, 2020. A copy of this assessment form is attached hereto as **Exhibit C**.

16. On January 30, 2020, Plaintiff received her first performance write-up in four years which stated that Plaintiff is frequently late and makes mistakes above a tolerable rate. A copy of this write-up is attached hereto as **Exhibit D**.

17.   This performance write-up is not a factual write up.

18.   In addition, there are numerous instances of other employees committing similar errors.

19.   On information and belief, there were no written reprimands or other discipline taken for these errors.

20.   After receiving the second accommodation assessment form, HR requested further clarification and stated Plaintiff's physician advised Plaintiff did not need the Medicine at work.

21.   This was contrary to the medical provider's statements.

22.   Plaintiff explained in her response to HR that their accommodation assessment forms were not written in a way that allowed her medical providers to accurately convey the needs of an MS patient.

23.   Plaintiff provided additional medical documentation on February 18, 2020, with a letter from her medical provider, Dr. Gold, stating that Plaintiff has difficulty performing the duties of her job and will need medical accommodation in the form of the Medicine to adequately perform her work activities.

24.   After the February 18 letter, Defendant sought additional information from Plaintiff and her medical providers.

25.   On February 26, 2020, Plaintiff received her second and only other performance write-up from Defendant. A copy is attached hereto as **Exhibit E**.

26.   This write-up contained the same type of errors Defendant noted in the January 30 write-up that was inaccurate.

27.   Dr. Gold provided additional information on March 6, 2020, through the provision of another questionnaire, attached hereto as **Exhibit F**.

Page **3** of **5**

28.     On March 18, 2020, Plaintiff requested a copy of her employee file from Human Resources.

29.     Defendant refused to provide Plaintiff a copy of her employee file.

30.     On April 6, 2020, Plaintiff requested a copy of her employee file from Human Resources a second time.

31.     Defendant again refused to provide Plaintiff a copy of her employee file.

32.     On April 8, 2020, Defendant denied Plaintiff's request for accommodation. A copy of the denial letter is attached hereto as **Exhibit G**.

33.     On April 16, 2020, for the third time, and on May 7, 2020, for the fourth time, and May 13, 2020, for the fifth time, Plaintiff requested a copy of her employee file from HR.

34.     Defendant refused to provide Plaintiff a copy of her employee file each time.

35.     On May 13, 2020, Defendant terminated Plaintiff for alleged performance deficiencies.

36.     All condition precedents have been performed or waived.

37.     Plaintiff has retained the undersigned to represent her in this matter and is obligated to reasonable attorneys' fees and costs.

### *Count I – Violation of F.S. § 760.10 Unlawful Employment Practices*

38.     Plaintiff restates and realleges paragraphs 1 through 37.

39.     Plaintiff has a disability, specifically, Multiple Sclerosis.

40.     Plaintiff requested a reasonable accommodation from Defendant for her disability.

41.     Instead of engaging in the interactive process to determine whether a different reasonable accommodation was sufficient, Defendant chose to terminate Plaintiff for alleged performance deficiencies which did not exist.

42.     Defendant's actions caused Plaintiff to suffer damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for damages, back-pay, reinstatement and/or front-pay, attorneys' fees and costs, and such other and further relief as is just and proper.

<u>**DEMAND FOR JURY TRIAL**</u>

Plaintiff demands a jury to hear and decide all issues of fact so triable.

Respectfully submitted this 26th day of March 2021.

COASTAL LAW GROUP

Ryan Williams, Esq.
Florida Bar Number: 87453
105 Solana Road, Suite C
Ponte Vedra Beach, FL  32082
Telephone: (904) 930-4100
Fax: (904) 422-0999
E-Mail: service@coastal.law
*Attorneys for Plaintiff*

Page **5** of **5**

Frank P. Filiberto, M.D., P.A.
400 E. Strawbridge Ave.
Melbourne, Florida 32901
321-676-3101 Fax 321-984-4456

December 6, 2019

RE:   MONIQUE ROBSON
DOB  04/24/1981

Has been under my care since 11/20/2019 at that time Mrs. Robson was certified to use medical
marijuana as an alternative to her multiple prescription medications. The use of medical marijuana
should not alter her ability to perform her regular job duties. She has been advised to use the medical
marijuana 6-10 times throughout the workday to be able to discontinue prescription medications that
are causing negative side effects.

Limitation/Remarks:  None

If you have any questions, please contact our office at the above number.

Sincerely,

Frank P. Filiberto, M.D.

---------- Forwarded message ---------
From: **Monique Chanelle Robson** <MCRobson@drhorton.com>
Date: Thu, Jan 16, 2020 at 10:16 AM
Subject: FW: Monique Robson
To: Monique Robson <monique.c.laki@gmail.com>



*Monique Robson, MBA*

**Accountant**

**East Florida Division**

1430 Culver Dr NE, Palm Bay, FL 32907

**O:** 321-953-3160   **F:** 844-238-6148

**Home for every stage in life.**   |   **D.R. Horton · Express · Emerald · Freedom**

**From:** Kelly Carver
**Sent:** Tuesday, January 14, 2020 2:37 PM
**To:** Monique Chanelle Robson <MCRobson@drhorton.com>
**Subject:** RE: Monique Robson

Hi Monique,

I'm finalizing the paperwork I need to send you. I'm pending one more question before I send it out to you.

In regard to yesterday, we just needed to be sure how to associate your time out. If it was related to MS, we'd need to know so that it's part of your FMLA time. If it's not, as it wasn't, no need to notify me. Your boss is helping to make sure that anything associated with the MS can be offered the same FMLA protection, and we aren't missing something on our end.

I can advise you better about the use of FMLA once the paperwork is returned from your MS Doctor. At this point, we have to gather information so that we are ignorant about the need and possible uses you require. I'm sorry for any confusion. We're trying to resolve as soon as possible.

Thank you!

**KELLY CARVER**

**HR Coordinator II**

**D.R. HORTON**

1341 Horton Circle, Arlington, Texas 76011

**o:** 817.390.8200 x4331  **f:** 817.390.1706



**We Build People Too**  |  D.R. Horton · Express · Emerald · Freedom

**From:** Monique Chanelle Robson
**Sent:** Tuesday, January 14, 2020 7:42 AM
**To:** Kelly Carver <KMCarver@drhorton.com>
**Subject:** Monique Robson

Good morning Kelly,

2

I wasn't sure if you have been able to find a final solution yet. I have not heard back amount my situation yet in regards to the accommodations and if I am able to start using the medicine as the doctors would like.

Also, I am a little confused about the FMLA and when I am supposed to use it. I was out sick yesterday with a cold and my boss asked if I spoke to you and if its FMLA or not. I told him I don't believe it is I believe it is just sick time cause it was being sick and not my medical condition. Can you please confirm this.


Thank you for all you do,


*Monique Robson, MBA*

**Accountant**



**East Florida Division**

1430 Culver Dr NE, Palm Bay, FL 32907

**O:** 321-953-3160  **F:** 844-238-6148


**Home for every stage in life.**  |  **D.R. Horton** · **Express** · **Emerald** · **Freedom**

## TO: MEDICAL CARE PROVIDER

QUESTIONS FOR PHYSICIAN

1) **DOES THE EMPLOYEE HAVE A PHYSICAL IMPAIRMENT THAT DOES OR MAY INTERFERE WITH THE EMPLOYEE'S ABILITY TO PERFORM THE FUNCTIONS OF HIS OR HER POSITION?[2]**

    **\*JOB DESCRIPTION ATTACHED**

    (Note, the interference/restriction can be caused by the condition itself or from medications taken to control the condition)

    YES _____   NO __✓___

    **If you answer NO, you may STOP, SIGN THE FORM, and return it to the Company.**

2) **WHAT ARE THE JOB TASKS THE EMPLOYEE IS OR MAY BE <u>UNABLE</u> TO PERFORM, IN WHOLE OR IN PART, BECAUSE OF THE PHYSICAL IMPAIRMENT?**

    _____

    _____

    _____

3) **WHAT LIMITATIONS/RESTRICTIONS DOES THE EMPLOYEE HAVE THAT PROHIBITS THEM FROM PERFORMING THE ABOVE-LISTED TASKS?**

    _____

    _____

4) **HOW LONG IS THE PHYSICAL IMPAIRMENT CAUSING THE LIMITATIONS/RESTRICTIONS LIKELY TO LAST?**

    _____

    _____

---

[2] WE DO NOT NEED YOU TO RESPOND WITH ANY INFORMATION ABOUT ANY CONDITION THAT HAS ABSOLUTELY NO BEARING ON THE ABILITY OF THE INDIVIDUAL TO PERFORM THE ESSENTIAL FUNCTIONS OF THEIR POSITION. YOU MAY ANSWER "NONE" TO THIS QUESTION IF THEY HAVE A CONDITION, BUT IN YOUR MEDICAL OPINION, IT HAS NO LIMITATIONS OR RESTRICTIONS THAT WOULD IN ANY WAY INTERFERE WITH THE ABILITY OF THE EMPLOYEE TO PERFORM HIS OR HER FUNCTIONS.

5) **DESCRIBE THE FREQUENCY AND DURATION OF THE LIMITATIONS/RESTRICTIONS ASSOCIATED WITH THE CONDITION.**

\_\_\_\_\_ CONSTANT OR

\_\_\_\_\_ INTERMITTENT CONSISTING OF

_____ TIMES PER _____ FOR \_\_\_\_\_ HOURS/DAYS PER EPISODE

6) **IN YOUR MEDICAL OPINION, ARE THERE ACCOMMODATIONS, SUCH AS THE USE OF MEDICINAL MARIJUANA, THAT COULD BE MADE THAT WOULD PERMIT THE EMPLOYEE TO PERFORM ALL OF THE FUNCTIONS OF HIS OR HER POSITION?**

7) **IS THE EMPLOYEE'S MEDICINAL MARIJUANA USAGE CONFINED TO NON-WORKING HOURS?**

8) **WOULD THE USE OF MEDICINAL MARIJUANA IMPAIR THE EMPLOYEE FROM DRIVING SAFELY TO AND FROM HER PLACE OF EMPLOYMENT?**

9) **IF THE EMPLOY'S MEDICINAL MARIJUANA USAGE WILL OCCUR DURING THE WORK DAY OR WORK HOURS, CAN THE EMPLOYEE'S MEDICINAL MARIJUANA USAGE BE CONFINED TO NON-WORKING HOURS?**

10) **DOES THE IMPAIRMENT, OR ANY MEDICATION TO TREAT IT, POSE A RISK OF HARM TO THE HEALTH OR SAFETY OF THE EMPLOYEE, CO-WORKERS OR THIRD PARTIES, IF THE INDIVIDUAL ATTEMPTS TO PERFORM ALL THE FUNCTIONS OF HIS OR HER POSITION?**

Yes _____ No _____. If yes, please explain:

_____
_____
_____

11) **DOES THE ACCOMMODATION PROVIDED IN QUESTION SIX ABOVE IMPAIR THE EMPLOYEE, IF THE INDIVIDUAL ATTEMPTS TO PERFORM ALL THE FUNCTIONS OF HER POSITION WHILE USING THE ACCOMMODATION?**

Yes _____ No _____. If yes, please explain:

_____
_____
_____

12) **IS THE EMPLOYEE'S MEDICINAL MARIJUANA USAGE SUCH THAT SHE WOULD BE IMPAIRED DURING WORK HOURS?**

_____
_____
_____

13) **WHAT IMPAIRING EFFECTS DO YOU ANTICIPATE THIS EMPLOYEE EXPERIENCING DUE TO MEDICINAL MARIJUANA USAGE AND WHAT IS THE EXPECTED DURATION OF SUCH EFFECTS?**

_____
_____
_____

14) **SPECIFICALLY, WHERE THE USE OF MEDICINAL MARIJUANA IS NEEDED, CAN ALTERNATE FORMS OF THE DRUG (E.G., OIL, GUMMY, CANDY, LOZENGE) BE USED AS VIABLE SOLUTIONS IN PLACE OF VAPE/SMOKE PRODUCTS?**

Yes _____ No _____. If yes, please explain:

_____
_____
_____

**15) DO YOU BELIEVE THIS EMPLOYEE WILL BE ABLE TO SAFELY PERFORM HER JOB DUTIES AND RESPONSIBILITIES WHILE TREATING HER MEDICAL CONDITION WITH MEDICINAL MARIJUANA?**

_____

_____

_____

**16) WHAT DO YOU EXPECT WILL BE THE DURATION OF THIS EMPLOYEE'S MEDICINAL MARIJUANA USAGE (E.G., TEMPORARILY, PERMANENTLY, OR FOR A CERTAIN PERIOD OF TIME), WHAT TIME(S) OF THE DAY DO YOU ANTICIPATE THIS EMPLOYEE USING MEDICINAL MARIJUANA, AND WHAT DOSAGE OF MEDICINAL MARIJUANA DO YOU ANTICIPATE THIS EMPLOYEE USING?**

_____

_____

_____

**17) ARE THERE ANY OTHER ALTERNATIVE TREATMENTS AVAILABLE TO TREAT THE EMPLOYEE OTHER THAN MEDICINAL MARIJUANA?**

_____

_____

_____


_____    _____
**Physician's Signature**                   01/31/2020
                                            **Date**

Dr. Scott L. Gold                           ( 321 ) 312-3503
**Physician's Name (PLEASE PRINT)**         **Telephone**
Health First Medical Group
1223 Gateway Dr Suite 2G                     Melbourne, FL 32901
**Address**                                  **City, State, Zip Code**

17632422.1

# PHYSICAL ACCOMMODATION ASSESSMENT
# INITIATED BY EMPLOYER

| | |
|---|---|
| Employee Name:<br>Monique Robson | Date:<br>01/28/2020 |
| Job Title:<br>Accountant | Telephone Number of Contact:<br>817-390-8200 |
| Department:<br>Human Resources | E-Mail of Contact:<br>vjones@drhorton.com;<br>kmcarver@drhorton.com |
| Company Contact:<br>Vicki Jones<br>Kelly Carver | Supervisor:<br>Vicki Jones |

Please review the below documents (which include job description) prior to evaluating Ms. **Monique Robson** and provide us the information requested.  The information will be treated confidentially and only shared with only those who have a need to know.  To the extent possible, please refrain from providing us any family medical history.  We are only concerned with **Monique Robson's** own physical condition.[1]

## STATEMENT OF EMPLOYEE:

**I HEREBY AUTHORIZE MY MEDICAL PROVIDER TO RELEASE THE FOLLOWING MEDICAL INFORMATION TO D.R. HORTON (THE "COMPANY") FOR THE LIMITED PURPOSE OF ASSISTING THE COMPANY TO FULFILL ITS DUTIES AND OBLIGATIONS UNDER THE AMERICANS WITH DISABILITIES ACT ("ADA") AND ANY STATE OR LOCAL DISABILITY LAWS.**

Employee's Name (PLEASE PRINT): _____

_____          _____

**Employee's Signature**                                                     **Date**

---

[1] Similarly, the Genetic Nondiscrimination Act of 2008 ("GINA") prohibits certain employers and other entities from requesting or requiring genetic information of an individual or family member of the individual, except as specifically allowed by this law.  Please do not provide any genetic information.  "Genetic information," as defined by GINA, includes an individual's family medical history, the results of an individual's or family member's genetic tests, the fact that an individual or an individual's family member sought or received genetic services, and genetic information of a fetus carried by an individual or an individual's family member or an embryo lawfully held by an individual or family member receiving assistive reproductive services.



Monique C Robson

**D·R·HORTON**
*America's Builder*

**Employee Counseling Report**

Employee Name:  Monique C Robson          1/30/2020

Division:  East Florida

Action Taken:  Performance Write Up

☒ Unsatisfactory Performance
☒ Excessive Absenteeism or Tardiness
☐ No Show or No Call Absence
☐ Violation of Personnel Policies
☐ Theft, Removal or Possessions of Company Property, including Unauthorized Disclosure of
    Business "Secrets" or Confidential Information
☐ Possession, Distribution, Sale, Transfer of Illegal Drugs While on Duty or Operating Employer
    Owned Vehicles or Equipment
☐ Fighting or Threatening Violence in the Workplace
☐ Working under the Influence of Alcohol or illegal Drugs
☐ Violation of Safety or Healthy Rules or other Acts that Endanger another Person's Life or Property
☐ Sexual or Other Unlawful or Unwelcome Harassment
☐ Retaliation for Reported Sexual Unwelcome Harassment or Employee Misconduct
☐ Possession of Dangerous, Unauthorized Materials or Weapons, Explosives or Firearms


Describe the Incident (Not Necessary with Verbal Warning): Recently, excessive mistakes have become more frequent and egregious in your overall work performance.  Examples include:  5 out of 9 month-end journal entries had errors that required corrections; numerous errors with the property tax entries; transposition of numbers; coding of invoices errors such as incorrect community code, transposed numbers, incorrect cost code, incorrect budget ID's, etc.;   These errors have become frequent and above a tolerable rate, which is causing additional work and a hardship for the entire department with many of the mistakes impacting our division financial statements.  Additionally, Monique has incorrectly calculated the true up on a recent CD approval for Anderson in PSL spot lots, thus indicating a lack of understanding our land contracts.  Recently, the outstanding check report instructions were not followed appropriately creating a risk that voided checks could be escheated to the state.  This is an area of high concern due to recent state audits.

After several conversations about the importance of work hours, Monique continues to arrive late, take frequent and excessive breaks, and leave work early without properly notifying her manager.  Although we realize that there will be times where you need to be away from the office you should be mindful of your time away to ensure that it does not continue to be excessive.  The agreed upon work hours are 8:00 a.m.-5:00 p.m. with lunch and a total of two – 15 min breaks (mid-morning and mid-afternoon).  If additional time is needed, you should provide your manager with the appropriate advance notice.

Basically, Monique's performance and attention to detail on many aspects of her job must improve immediately.  If you are unable to meet the terms and performance standards of your job for any reason, the issues should be addressed with your manager immediately.   Failure to follow, comply or meet the acceptable standards as discussed above could result in further disciplinary action up to and including termination of employment.

Employee Signature: _____ Date: __1-31-20__

Supervisor Signature: _____ Date: __1/31/20__

Witness Signature: _____ Date: __1-31-20__

**Return Signed Copy to Corporate Human Resources**

(Rev. 05/14)

I disagree with these alligations I know where it comes from. Higher management should be involved

Monique C Robson

**D·R·HORTON**
*America's Builder*

# Employee Counseling Report

Employee Name:  Monique C Robson          2/26/2020

Division:  East Florida

Action Taken:  FINAL WARNING

☒ Unsatisfactory Performance `
☐ Excessive Absenteeism or Tardiness
☐ No Show or No Call Absence
☐ Violation of Personnel Policies
☐ Theft, Removal or Possessions of Company Property, including Unauthorized Disclosure of
   Business "Secrets" or Confidential Information
☐ Possession, Distribution, Sale, Transfer of Illegal Drugs While on Duty or Operating Employer
   Owned Vehicles or Equipment
☐ Fighting or Threatening Violence in the Workplace
☐ Working under the Influence of Alcohol or illegal Drugs
☐ Violation of Safety or Healthy Rules or other Acts that Endanger another Person's Life or Property
☐ Sexual or Other Unlawful or Unwelcome Harassment
☐ Retaliation for Reported Sexual Unwelcome Harassment or Employee Misconduct
☐ Possession of Dangerous, Unauthorized Materials or Weapons, Explosives or Firearms

Describe the Incident (Not Necessary with Verbal Warning

 On January 31, 2020 Monique was issued a counseling report for excessive mistakes that created a
financial statement impact for the Division.  Additionally, on February 12, 2020 several more errors were
made in relation to fixed assets, coding, and cash receipts.  The mistakes were sent back to Monique for
correction and the need for improvement was discussed.  During the month of February, Monique was
given the task to void certain municipality/utility checks that had become stale.  On February 18, 2020 a
$48,881.66 vendor check that had been cashed in 2011 was voided in error.  This caused a multitude of
problems including a duplicate payment of $8,911 to the vendor.  This error would cause our Income
Statement to be misstated for the period if not corrected in a timely manner.  Our Corporate Treasury
department would not have been able to reconcile our cash account.  Corporate Accounting, Division
Purchasing, and Division AP must now be involved in making the correction causing unnecessary strain
on multiple departments.  Subsequently when discussing this problem with Monique, she was very
unprofessional in her response of "whatever" when she walked out of the room during the
conversation.  Her response was heard by others within the department and was detrimental and
demeaning to her management team.  It is of the utmost importance that Monique's performance,
attention to detail and professional demeanor improve immediately.  Failure to improve immediately
could result in further disciplinary action up to and including termination.

Employee Signature: _____   Date: 2/26/20

Supervisor Signature: _____   Date: 2/26/20

Witness Signature: _____   Date: 2/26/20

**Return Signed Copy to Corporate Human Resources**

(Rev. 05/14)

I still disagree with the Jan 31 writeup.
I still feel I am a target as I have
already let Vicki know. Yes I voided a check
by pure mistake I whole heartedly didnt do it
on purpose.

**D.R. Horton, Inc.**
**Job Description**

| | |
|---|---|
| **Job Title:** | Accountant-BLD |
| **Job Code:** | ACCT |
| **Department:** | Accounting |
| **Reports To:** | Controller/CFO/Assistant Controller |
| **FLSA Status:** | Exempt |
| **Division:** | Standardized |

**Summary**
Applies principles of accounting to analyze financial information and prepare financial reports. Assists in maintaining budgets and projected costs.

**Essential Duties and Responsibilities** include the following. Other duties may be assigned.

Prepare House Profit Analyses and review gross profit margins for each sales contract

Review SG&A expenses and provide coding

Review employee expense reimbursements for accuracy and appropriate documentation

Review job costs for budget variances, cost code errors, and other posting errors on invoices, etc.

Prepare journal entries as needed

Conduct monthly close procedures and ensure deadlines are met

Prepare monthly balance sheet account reconciliations

Post bank deposits and create related cash receipt journals

Process timely payment of property taxes and monthly amortization

Monitor fixed asset purchases and ensure timely capitalization and depreciation of assets

Assist vendors with any questions as needed

Assist in SG&A forecast preparation

Other ad hoc analyses, reports and projects as needed by division management

**Supervisory Responsibilities**
This job has no supervisory responsibilities.

**Qualifications**
To perform this job successfully, an individual must be able to perform each essential duty satisfactorily. The requirements listed below are representative of the knowledge, skill, and/or ability required. Reasonable accommodations may be made to enable individuals with disabilities to perform the essential functions.

**Education and/or Experience**
Bachelor's degree (B.S.) in Accounting from four-year college or university; and three to five years related experience and/or training; or equivalent combination of education and experience. CPA preferred.

**Language Skills**
Ability to read, analyze, and interpret general business periodicals, professional journals, technical procedures, or governmental regulations.  Ability to write reports, business correspondence, and procedure manuals.  Ability to effectively present information and respond to questions from groups of managers, clients, customers, and the general public.

**Mathematical Skills**
Ability to work with mathematical concepts such as probability and statistical inference, and fundamentals of plane and solid geometry and trigonometry.  Ability to apply concepts such as fractions, percentages, ratios, and proportions to practical situations.

**Reasoning Ability**
Ability to solve practical problems and deal with a variety of concrete variables in situations where only limited standardization exists. Ability to interpret a variety of instructions furnished in written, oral, diagram, or schedule form.

**Physical Demands**
The physical demands described here are representative of those that must be met by an employee to successfully perform the essential functions of this job. Reasonable accommodations may be made to enable individuals with disabilities to perform the essential functions.

While performing the duties of this Job, the employee is regularly required to sit. The employee is frequently required to talk or hear. The employee is occasionally required to stand; walk; use hands to finger, handle, or feel and reach with hands and arms. The employee must occasionally lift and/or move up to 10 pounds. Specific vision abilities required by this job include close vision.

**Work Environment**
The work environment characteristics described here are representative of those an employee encounters while performing the essential functions of this job. Reasonable accommodations may be made to enable individuals with disabilities to perform the essential functions.

 The noise level in the work environment is usually quiet.

*The job description set forth above inadvertently may not include all the essential functions of the job, or as time goes on, the essential functions may change after the description was written.  The employee is encouraged to ask questions of the supervisor or human resource department regarding this job description and its application.  Management retains the right to add to, modify, delete and/or in any and all respect change the duties, tasks and responsibilities of the position at any time.*

# D·R·HORTON®

## America's Builder

Dear Health Care Provider,

A request for accommodation has been made by your patient, Monique Chanelle Robson. More specifically, Ms. Robson has disclosed to the Company that she suffers from a medical condition and is utilizing medicinal marijuana to treat her condition.

In order to evaluate the nature of Ms. Robson's condition, Ms. Robson's proposed treatment of her condition with medicinal marijuana, and Ms. Robson's accommodation requests, the company is requesting that you provide information in response to the following questions based on your medical expertise. To further aid in your evaluation, the company is also providing you with a copy of Ms. Robson's job description for the Accountant position.

Please return this completed document to me within ten (10) days of receipt by e-mail to my attention at vjones@drhorton.com or to my direct fax at (817) 928-2547.

1. Please review the attached information regarding the essential functions of the individual's job position and this letter. Is this individual able to perform the essential job functions of the position with or without reasonable accommodation?

    (Yes) / No  *with accommodation*

2. Does the individual have a physical or mental impairment?

    (Yes) / No          If yes, what is the impairment?  *Physical → MS-related Signs & Symptoms*

3. What type of marijuana (i.e., smoke-able, edible, etc.) do you recommend and/or understand this individual to use for medicinal purposes?

    *Medical marijuana — Vaping*

4. Will this individual be required to possess marijuana while at work or during the work day?

*Yes*

5. Under Florida law, the Company is not required to allow individuals to use marijuana at work or during work hours. Is this individual's medicinal marijuana usage confined to non-working hours or does this individual need to use throughout the work day?

*Working + non-working hours*

6. Under Florida law, the Company is not required to allow individuals to work while under the influence of marijuana or while otherwise impaired. Is this individual's medical usage such that she would be impaired during work hours?

*She is not impaired (CBD > THC) min-effect (not at euphoric doses)*

7. What impairing effects do you anticipate this individual experiencing due to medicinal marijuana usage and what is the expected duration of such impairing effects?

*No impairing effects.*

8. Do you believe this individual will be able to safely perform her job duties and responsibilities while treating her medical condition with medicinal marijuana?

*Yes*

9. What do you expect will be the duration of this individual's medicinal marijuana usage (e.g., temporarily, permanently, or for a certain period of time), what time(s) of the day do you anticipate this individual using medicinal marijuana, and what dosage of medicinal marijuana do you anticipate this individual using?

*Permanent*

*Throughout the day*

*2 puffs 8-12 x's/day based on severity of MS symptom*

10. Aside from medicinal marijuana use are there any reasonable accommodations to the work environment or position responsibilities that would enable the individual to perform the essential functions of the position?

*No*

11. The individual's typical work schedule is Monday-Friday 8:00 a.m.-5:00 p.m. What, if any, schedule accommodation(s) may enable the individual to perform the essential functions of this position?

*None*

12. How long will the individual need reasonable accommodation?

*Indefinitely*

13. Additional comments or suggestions:

*This patient is reliable; she is not prone to abusing medications, including medical marijuana*

Date Completed: _03/06/2020_

Signature of Physician: _____

Printed Name of Physician: _Scott L. Gold, MD_

Practice Information of Physician (Name, Address, Phone Number):

_Health First / Trivia_

_1223 Gateway Dr._

_Suite 26_

_Melbourne, FL 32901_     _321-312-3503_

Note to Physician: We recommend that your office retain a completed copy of this form in case it is necessary to confirm information, accuracy, or follow up in any way.

*Please take notice:   In compliance with the Genetic Information Nondiscrimination Act (GINA), this Employer does not request or require genetic information of an individual or the individual's family members, except as specifically allowed by GINA. We ask that you do not provide any genetic information when responding to this request for medical information. For purposes of GINA, "genetic information" includes an individual's family medical history, the results of an individual's or family member's genetic tests, the fact that an individual or an individual's family member sought or received genetic services, and genetic information of a fetus carried by an individual or an individual's family member or an embryo lawfully held by an individual or family member receiving assistive reproductive services.*

Thank you for your cooperation and please do not hesitate to contact me at my direct line 817-390-8305 or via email at vjones@drhorton.com if you have any further questions.

41004050.1



April 8, 2020

Monique Robson
1155 Valkaria Road
Malabar FL  32950

321-437-3085

Dear Monique,

Subject:       **ACCOMMODATION REQUEST**

We received your accommodation form completed by Dr. Gold on 03/09/2020. The requested accommodation was for use of medicinal marijuana at regular intervals during work hours. We have reviewed the information provided by Dr. Gold and understand the accommodation request as follows:

Dr. Gold supports the possession and use of medicinal marijuana at work and at home throughout the day (8-12 times daily). He recommends vaping with no other delivery type of medicinal marijuana provided. Dr. Gold indicates that you would have minor effects from the use of medicinal marijuana which would not impair you but allow you to safely perform your job duties while treating. Dr. Gold supports the permanent use of medicinal marijuana subject to the severity of symptoms brought on by your condition.

Dr. Gold concluded that there are no other reasonable accommodations DR Horton could make that would enable you to perform the essential functions of your position. He further asserts that there is no need to adjust your work schedule, other than allowing for the use of medicinal marijuana while at work.

Based upon the information we received, we are unable to accommodate your request. Florida State law does not require an employer to allow marijuana possession or use by an employee. Similarly, DR Horton policy does not allow the possession or use of marijuana, medicinal or recreational, on DR Horton premises. Since no other alternative accommodation was provided, your accommodation request for the possession and use of medicinal marijuana at work has been denied.

However, DR Horton would be open to discussing any other possible alternatives to address your needs.

**GENERAL INFORMATION**

Please see the Employee Personnel Policy Handbook if you have any questions regarding DR Horton's policies. You can also find information about company policies posted on the company intranet.   You are responsible for understanding and abiding by the provisions of this policy.

If you have any questions, please feel free to contact me.

Best Regards,

*Kelly Carver*

**Kelly Carver**
HR/LOA Coordinator
D. R. Horton, Inc.
1341 Horton Circle
Arlington, TX  76011
Tel:     817-390-8200
Fax:     817-390-1706
Email:   kmcarver@drhorton.com

IN THE CIRCUIT COURT, EIGHTEENTH JUDICIAL CIRCUIT, IN AND FOR BREVARD COUNTY, FLORIDA

CASE NO:       05-2021-CA-021996-XXXX-XX

MONIQUE ROBSON,
     Plaintiff,

vs.

D.R. HORTON INC.,
     Defendant.
_____/

## SUMMONS

STATE OF FLORIDA
TO EACH SHERIFF OF THE STATE:

     YOU ARE COMMANDED to serve this Summons and a copy of the Complaint on Defendant:

          D.R. HORTON INC.
          C/O CT CORPORATION SYSTEM, REGISTERED AGENT
          1200 S. PINE ISLAND ROAD
          PLANTATION, FL 33324

DATED this ___31___ day of ___MARCH___, 2021.

                             Clerk of said Court

(Court Seal)

                             By: Deputy Clerk

## IMPORTANT

     A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of the court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book). If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff's Attorney" named below:

**Ryan Williams, Esquire**
**Coastal Law Group**
**105 Solana Road, Suite C**
**Ponte Vedra Beach, Florida 32082**
**Phone: (904) 930-4100**
**E-SERVICE DESIGNATION: service@coastal.law**

## IMPORTANTE

Usted ha sido demandado legalmente.  Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal.  Una llamada telefonica no lo protegera.  Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas.  Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal.  Existen otros requisitos legales.  Si lo desea, puede usted consultar a un abogado inmediatamente.  Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona demominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante)

## IMPORTANTE

Des poursuites judiciares ont ete enterprises contre vous.  Vous avez 20 jours conecutifs a partir de la date de l'assignation de cette citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce tribunal.  Un simple coup de telephone est insuffisant pour vous proteger.  Vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitex que le tribunal entende votre cause.  Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal.  Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat.  Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats oou un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre rponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

Filing # 124238290 E-Filed 04/02/2021 11:51:46 AM

## RETURN OF SERVICE

| | | |
|---|---|---|
| **State of Florida** | **County of Brevard** | **18th Judicial Circuit Court** |

Case Number: 05-2021-CA-021996-XXXX-XX

Plaintiff:
**MONIQUE ROBSON**

vs.

Defendant:
**D.R. HORTON INC.**

For:
Ryan Williams
Coastal Law Group
105 Solana Road Ste C
Ponte Vedra Beach, FL 32082

Received by All Broward Process Corp on the 31st day of March, 2021 at 4:23 pm to be served on **D.R. HORTON INC. c/o CT CORPORATION SYSTEM, 1200 S. PINE ISLAND ROAD, PLANTATION, FL 33324**

I, Francisco X. Carreras, do hereby affirm that on the **1st day of April, 2021** at **2:30 pm, I:**

served a **REGISTERED AGENT** by delivering a true copy of the **SUMMONS , COMPLAINT AND DEMAND FOR JURY TRIAL, EXHIBIT "A" , EXHIBIT "B" , EXHIBIT "C" , EXHIBIT "D" , EXHIBIT "E" , EXHIBIT "F" , EXHIBIT "G"** with the date and hour of service endorsed thereon by me, to: **Donna Moch** as **Registered Agent** at the address of: **1200 S. PINE ISLAND ROAD, PLANTATION, FL 33324** on behalf of **D.R. HORTON INC.**, and informed said person of the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 55+, Sex: F, Race/Skin Color: White, Height: 5'5", Weight: 140, Hair: Brown, Glasses: N

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served. Under penalty of perjury I declare I have read the foregoing Return of Service and that the facts stated are true.  Notary not required pursuant to F.S. 92.525(2). Electronically signed in accordance with FSS 48.21(1).


**Francisco X. Carreras**
#582

**All Broward Process Corp**
**701 N Fig Tree Lane**
**Plantation, FL 33317**
**(954) 214-5194**

Our Job Serial Number: BPC-2021001007

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.1z

IN THE CIRCUIT COURT, EIGHTEENTH
JUDICIAL CIRCUIT, IN AND FOR
BREVARD COUNTY, FLORIDA

CASE NO: 05-2021-CA-021996-XXXXXX

MONIQUE ROBSON,
     Plaintiff,

vs.

D.R. HORTON INC.,
     Defendant.

_____/

## PLAINTIFF'S FIRST REQUEST FOR
## PRODUCTION OF DOCUMENTS TO DEFENDANT

Plaintiff, MONIQUE ROBSON ("Plaintiff"), by and through the undersigned counsel, requests that Defendant D.R. HORTON INC ("Defendant"), in accordance with Rules 1.280 and 1.350 of the Florida Rules of Civil Procedure, produce the following documents and tangible things or provide copies to Coastal Law Group, 105 Solana Road, Suite C, Ponte Vedra Beach, Florida 32082 within thirty (30) days.

## INSTRUCTIONS

A.    This request includes all documents that are in your possession, custody, or control, regardless of where they are located, that are or were created during or concerning the period from October 1, 2015 to the present unless otherwise specified.

B.    In addition to originals and final versions of documents, you shall produce all copies, non-identical to the original in any respect, including any copy bearing non-identical markings or notations of any kind. If any document existed in different forms at different times, both the current version and all prior versions are to be separately produced.

C.    All responsive documents are to be produced, whether the information therein is final, preliminary, interim, draft, actual, estimated, audited, unaudited, formal or informal, or is a prediction, forecast, projection, or opinion.

D.    All documents that exist in digital form, including databases, spreadsheets, email messages or attachments, word processing files, and document image files, are to be produced in their native digital file format on CD, DVD, or commonly used portable format, along with the software necessary to read, search, sort, organize, and print the contents of the documents, unless

such software is commonly available.

E.     If objection is made to any of these requests, state whether any documents are being withheld from inspection and production on the basis of such objection or whether inspection and production of responsive documents will occur notwithstanding such objection.

F.     If any claim or privilege or work product protection, whether based on statute, rule, or otherwise, is asserted as a ground for not producing any document, describe, with respect to each document for which privilege or work product protection is claimed, the nature of the documents, communications, or things not produced or disclosed in a manner that will enable the undersigned to assess the applicability of the privilege or protection asserted and set forth the asserted ground for not producing such document.

G.     Any request that is subject to an objection of privilege or work product protection but which nevertheless contains non-objectionable information that is responsive to this request must be produced, but that portion of the document for which the objection is asserted may be redacted, provided that the document is marked "redacted" and provided further that the above requested information is furnished.

H.     If any document responsive to this request was at one time but is no longer in existence, please so state and, for each such document, state:

     (1)     The type of document;

     (2)     Its date (or approximate date);

     (3)     Its author, sender, and/or addressees;

     (4)     The date on which it ceased to exist;

     (5)     Its subject;

     (6)     The type of information it contained;

     (7)     The circumstances under which it ceased to exist; and

     (8)     The identity of all persons with knowledge of the contents of such document.

I.     In the event that a document responsive to this request has been removed from the Defendant's files prior to production on grounds other than privilege, with respect to each such document, set forth the reason for its removal and describe the document in a manner that will enable the undersigned to assess the basis for its removal.

## **DEFINITIONS**

1.    As used herein, the terms "you" and "your" shall refer to Defendant, Defendant's attorneys, agents, representatives, predecessors and successors in interest, partners, assignees, transferees, employees, servants, affiliated companies, partnerships, and all other natural persons or business or legal entities acting or purporting to act for or on behalf of Defendant, whether authorized to do so or not.

2.    As used herein, the term "documents" includes all materials within the scope of Rules 1.280 and 1.340 of the Florida Rules of Civil Procedure and shall mean all writings of every kind, source, and authorship, both originals and all non-identical copies thereof, in your actual or constructive possession, custody, care, or control, or known by you to exist, irrespective of whether the writing is one intended for or transmitted internally by you, or intended for or transmitted to any other person or entity, including without limitation any government agency, department, administrative, or private entity or person.   The term shall include handwritten, typewritten, printed, photocopied, photographic, or recorded matter.   It shall include communications in words, symbols, pictures, sound recordings, films, tapes, and information stored in, or accessible through, computer or other information storage or retrieval systems, together with the codes and/or programming instructions and other materials necessary to understand and use such systems.   For purposes of illustration and not limitation, the term shall include:  affidavits; agendas; agreements; analyses; announcements; bills, statements, and other records of obligations and expenditures; books; brochures; bulletins; calendars; canceled checks, vouchers, receipts and other records of payments; charts or drawings; check registers; checkbooks; circulars; collateral files and contents; contracts; corporate bylaws; corporate charters; correspondence; credit files and contents; deeds of trust; deposit slips; diaries; drafts; files; guaranty agreements; instructions; invoices; ledgers; journals, balance sheets, profit and loss statements, and other sources of financial data; letters; logs, notes, or memoranda of telephonic or face-to-face conversations; manuals; memoranda of all kinds, to and from any persons, agencies, or entities; minutes; minute books; notes; notices; parts lists; papers; press releases; printed matter (including books, articles, speeches, and newspaper clippings); purchase orders; records; records of administrative, technical, and financial actions taken or recommended; reports; safety deposit boxes and contents and records of entry; schedules; security agreements; specifications; statements of bank accounts; statements; interviews; stock transfer ledgers; technical and engineering reports, evaluations, advice, recommendations,

commentaries, conclusions, studies, test plans, manuals, procedures, data, reports, results, and conclusions; summaries, notes, and other records and recordings of any conferences, meetings, visits, statements, interviews or telephone conversations; telegrams; teletypes and other communications sent or received; transcripts of testimony; U.C.C. instruments; work papers; and all other writings, the contents of which relate to, discuss, consider, or otherwise refer to the subject matter of the particular document requested or referred to.  A document is deemed to be in your actual or constructive possession, custody, care, or control if you either have physical possession of the item or have the right, authority or ability to obtain the document.  The term shall further mean any document that is, or has been, in your possession, custody, care, or control, or of which you have knowledge of.

**WARNING:  Computer generated or stored documents, including computer files or data, electronic mail, and information on hard disk which has been erased but is retrievable constitute documents within the meaning of this definition.  An inspection of your computer system may be necessary to assure compliance with this request**.

3.      "Date" means the exact date, month, and year, if ascertainable, or, if not, the best approximation of the date based on surrounding events.

4.      "Person" shall include individuals, associations, partnerships, corporations, and any other type of entity or institution whether formed for business purposes or any other purposes.

5.      "Identify" or "Identification":

(a)      When used in reference to a person, "identify" or "identification" means to state his or her full name, present or last known residence address, present or last known business address and telephone number.

(b)      When used in reference to a public or private corporation, governmental entity, partnership or association, "identify" or "identification" means to state its full name, present or last known business address or operating address, the name of its Chief Executive Officer and telephone number.

(c)      When used in reference to a document, "identify" or "identification" shall include statement of the following:

(i) the title, heading, or caption, if any, of such document;

(ii) the identifying number(s), letter(s), or combination thereof, if any, and the significance or meaning of such number(s), letter(s), or combination thereof if

necessary, to an understanding of the document and evaluation of any claim of protection from discovery;

(iii) the date appearing on such document, or, if no date appears thereon, the answer shall so state and shall give the date or approximate date on which such document was prepared;

(iv) the number of pages and the general nature or description of such document (i.e., whether it is a letter, memorandum, minutes of a meeting, etc.), with sufficient particularity so as to enable such document to be precisely identified;

(v) the name and capacity of the person who signed such document, or, if it was not signed, the answer shall so state and shall give the name of the person or persons who prepared it;

(vi) the name and capacity of the person to whom such document was addressed and the name and capacity of such person, other than such addressee, to whom such document, or a copy thereof, was sent; and

(vii) the physical location of the document and the name of its custodian or custodians.

(d)     When used in reference to a communication, "identify" or "identification" means to state the date and place of the communication, the persons who participated in it, all documents relating to it, whether the communication was oral, and if oral, the substance of the communication.

6.     "Communication" means any contact, oral or written, formal or informal, by which information of any nature was transmitted, transferred, or exchanged, and includes any oral or written statement, dialogue, discussion, conversation, and any transfer of data by electronic or similar means.

7.     "Reflect" and "reflecting" shall be construed as relating to, referring to, responding to, pertaining to, connected with, regarding, discussing, showing, exhibiting, describing, concerning, analyzing, and constituting.

8.     "Related to" includes within its meaning reflect, mention, pertain to, arise out of or in connection with, directly or indirectly refer to, and describe.

9.     Capitalized terms not identified herein shall have the meanings ascribed to them in the Complaint (or any amendments to the Complaint).

## **REQUEST FOR PRODUCTION OF DOCUMENTS**

1.     All documents, data compilations, and tangible things that are in your possession, custody, or control and may be used to support your defenses in this action.

2.     Plaintiff's employment or personnel file.

3.     All contracts or agreements between Plaintiff and Defendant.

4.     All employee handbooks that applied to Plaintiff during her employment with Defendant.

5.     All of Defendant's records and correspondence related to Plaintiff's Multiple Sclerosis ("MS").

6.     All correspondence between Plaintiff and Defendant related to Plaintiff's MS.

7.     All correspondence between Defendant and any other person or entity related to Plaintiff's MS.

8.     All correspondence or documents related to each instance in which Plaintiff's work product was below Defendant's applicable standards.

9.     All correspondence or documents related to each time Plaintiff was warned or cited by Defendant for violating Defendant's policies or procedures.

10.     All correspondence or documents related to each time Plaintiff was warned or cited by Defendant for her work product.

11.     All employment reviews related to Plaintiff.

12.     All records, documents, or correspondence related to Plaintiff's violations of Defendant's policies or procedures.

13.     All records, documents, or correspondence related to Plaintiff's work product.

14.     All records, documents, or correspondence related to each attempt Defendant made to provide an accommodation to Plaintiff for her MS.

COASTAL LAW GROUP

Ryan Williams, Esq.
Florida Bar Number: 87453
105 Solana Road, Suite C
Ponte Vedra Beach, FL  32082
Telephone: (904) 930-4100

Fax: (904) 422-0999
E-Mail: service@coastal.law
*Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been electronically filed with the Clerk of the Court via E-Filing Portal, which will furnish electronic copies via E-Portal, or via U.S. Mail as applicable, April 22, 2021:

Ogletree Deakins
michael.tricarico@ogletreedeakins.com
samantha.dunton@ogletreedeakins.com
*Attorneys for Defendant DR Horton*

/s/ Ryan Williams
Ryan Williams, Esq.

IN THE CIRCUIT COURT, 18TH
JUDICIAL CIRCUIT IN AND FOR
BREVARD COUNTY, FLORIDA

CASE NO.: 05-2021-CA-021996

MONIQUE ROBSON,

      Plaintiff,

vs.

D.R. HORTON, INC.,

      Defendant.

_____/

## **DEFENDANT'S NOTICE OF APPEARANCE OF COUNSEL**

Notice is hereby given that the undersigned attorney is appearing as counsel for Defendant D.R. Horton, Inc. ("D.R Horton"), in the above styled action. We request that copies of any further pleadings, orders, or other documents and submissions in this case be served on Michael R. Tricarico at the address given below and that he be "associated" as lead counsel for Defendant, in the Court's E-Filing System.

Dated: April 21, 2021

Respectfully submitted,

OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.
Two Datran Center
9130 S. Dadeland Boulevard
Suite 1625
Miami, Florida 33156
Telephone: 305.374.0506
Facsimile: 305.374.0456

*/s/ Michael R. Tricarico*
 Michael R. Tricarico
Florida Bar No. 0937071
michael.tricarico@ogletreedeakins.com
Samantha Dunton-Gallagher
Florida Bar Number 105100
Samantha.Dunton@ogletreedeakins.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 21, 2021, the foregoing document is being served this

day on all counsel of record or pro se parties identified on the attached Service List in the manner

specified.

*/s/ Michael R. Tricarico*
Michael R. Tricarico

46864048.1

2

Filing # 125279269 E-Filed 04/20/2021 04:11:53 PM

IN THE CIRCUIT COURT, 18TH
JUDICIAL CIRCUIT IN AND FOR
BREVARD COUNTY, FLORIDA

CASE NO.:  05-2021-CA-021996

MONIQUE ROBSON,

      Plaintiff,

vs.

D.R. HORTON, INC.,

      Defendant.

_____/

### DEFENDANT'S UNOPPOSED MOTION FOR ENLARGEMENT
### OF TIME TO FILE A RESPONSE TO PLAINTIFF'S COMPLAINT

Defendant D.R. Horton, Inc., hereby moves unopposed enlargement of time to file a response to Plaintiff's Complaint.  As grounds, Defendant states the following:

1.      Defendant was served with initial process on April 1, 2021.

2.      Defendant's response to Plaintiff's Complaint is presently due on April 21, 2021.

3.      It is Defendant's position that Plaintiff signed an arbitration agreement and, therefore, this is not the appropriate forum for her claims.  The Parties are discussing the same and Defendant is requesting an enlargement of time to allow for the same.

4.      Defendant requests an enlargement of time, through and including May 3, 2021, to file a response to Plaintiff's Complaint.

6.      This enlargement of time is not made necessary due to neglect, nor is it for the purpose of delay.  Further, no party will be prejudiced, judicial resources may be spared, and the enlargement.

7.    For the reasons described above, good cause exists for the requested enlargement of time.

WHEREFORE, Defendant moves the Court for an enlargement of time, through and including May 3, 2021, within which Defendant may file a response to Plaintiff's Complaint.

Dated: April 20, 2021

                            Respectfully submitted,

                            OGLETREE, DEAKINS, NASH,
                              SMOAK & STEWART, P.C.
                            Two Datran Center
                            9130 S. Dadeland Boulevard
                            Suite 1625
                            Miami, Florida 33156
                            Telephone:  305.374.0506
                            Facsimile:   305.374.0456


                            */s/ Samantha Dunton-Gallagher*
                            Michael R. Tricarico
                            Florida Bar No. 0937071
                            michael.tricarico@ogletreedeakins.com
                            Samantha Dunton-Gallagher
                            Florida Bar Number 105100
                            Samantha.Dunton@ogletreedeakins.com
                            *Counsel for Defendant*

3

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 20, 2021, the foregoing document is being

served this day on all counsel of record or *pro se* parties identified on the attached Service List in

the manner specified.

*/s/ Samantha Dunton-Gallagher*
Samantha Dunton-Gallagher

## <u>SERVICE LIST</u>
*Monique Robson v. D.R. Horton, Inc.*
*18th Judicial Circuit in and for Brevard County, Florida*
*CASE NO.: 05-2021-CA-021996*

Ryan Willaims, Esq.
service@coastal.law
COASTAL LAW GROUP
105 Solana Road, Suite C
Ponte Vedra Beach, FL 32082
Telephone: 904.930.4100

*Counsel for Plaintiff, Monique Robson*

Method of Service: Florida E-Filing Portal


Samantha Dunton-Gallagher
samantha.dunton @ogletreedeakins.com
Michael R. Tricarico
michael.tricarico@ogletreedeakins.com,
DEAKINS, NASH,
 SMOAK & STEWART, P.C.
9130 S. Dadeland Boulevard
Suite 1625
Miami, Florida 33156
Telephone:  305.374.0506
Facsimile:   305.374.0456

*Counsel for Defendant,*
*D.R. Horton, Inc.*

44609736.1

5

IN THE CIRCUIT COURT, 18TH
JUDICIAL CIRCUIT IN AND FOR
BREVARD COUNTY, FLORIDA

CASE NO.: 05-2021-CA-021996

MONIQUE ROBSON,

      Plaintiff,

vs.

D.R. HORTON, INC.,

      Defendant.

_____/

## ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION FOR ENLARGEMENT OF TIME TO FILE A RESPONSE TO PLAINTIFF'S COMPLAINT

THIS CAUSE came before the Court on Defendant's Unopposed Motion for Enlargement of Time to file a response to Plaintiff's Complaint. The Court having reviewed the motion and being otherwise fully advised in the premises, it is hereby:

ORDERED AND ADJUDGED that the motion is GRANTED. Defendant shall have up to and including May 3, 2021, in which to file a response to Plaintiff's Complaint.

DONE AND ORDERED in Titusville, Florida, this 21st day of April, 2021.

JUDGE CURT JACOBUS
BREVARD COUNTY, FLORIDA

Copies furnished to:
All counsel of record